Filed 4/8/21  P. v. Bryant CA2/1

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305785 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A648829) |
| v. | |
| STANFORD PAUL BRYANT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen J. Inberg and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1989, a jury convicted Stanford Paul Bryant of second degree murder. In 2019, Bryant petitioned the trial court under Penal Code section 1170.95,[1] which permits resentencing of persons convicted of murder under a natural and probable consequences theory. The trial court denied the petition during a prima facie review hearing because it found the jury could have convicted Bryant of murder on a direct aiding and abetting theory.

Bryant argues the trial court erred in denying his petition without first issuing an order to show cause pursuant to section 1170.95, subdivision (c). The People agree the trial court exceeded the scope of its prima facie review and the matter should be remanded for further proceedings. We agree and reverse with instructions for the trial court to issue an order to show cause and conduct a hearing pursuant to section 1170.95, subdivision (d).

## BACKGROUND

### A. Summary of Facts

This court affirmed the judgment against Bryant on November 27, 1991. (*People v. Jackson and Bryant* (Nov. 27, 1991, B048982) [nonpub. opn.].) Because the appeal before us does not require a detailed recitation of the facts, we provide a short summary of the facts derived from Bryant's direct appeal.

During the afternoon of July 26, 1988, Bryant, his codefendant Calvin Jackson, and two other men arrived uninvited at the home where Toni Harris lived with her aunt and cousins. Bryant and Jackson were members of the Palm and Oak

---

[1] All unspecified statutory references are to the Penal Code.

Gangster Crips. Antoine Hill, a member of an allied gang known as the Fronthood Crips, had been killed approximately three weeks earlier. The Palm and Oak Gangster Crips and the Fronthood Crips were rivals with the Kelly Park Crips and their allied gang, the Compton Neighborhood Crips, also known as N-Hoods. It was suspected that Dario Downing, a Kelley Park Crip gang member, knew something about Hill's death.

At the time of Bryant and Jackson's arrival at Harris's residence, four visitors, including Downing and Gary Brown, were at the house. Bryant prevented one of the visitors from getting into her car to leave by hitting and choking her. Jackson had a rifle and handgun. Harris tried to prevent the four men from entering the house, but they kicked the door in and went inside. They asked where the N-Hoods were. Downing and others denied that there were any N-Hoods present.

Downing was with Brown in a bedroom. As Downing exited the bedroom and entered the living room he heard four gunshots. He turned around and saw the back of three men in white tee-shirts. He did not see Brown. As Downing rushed out the front door, he ran into Bryant. Bryant followed him, but Downing was able to get away.

Brown was shot three times and died. (*People v. Jackson and Bryant*, *supra*, B048982.)

## B. Procedural History Relating to Bryant's Trial and Direct Appeal

Bryant and Jackson were charged with murder pursuant to section 187, subdivision (a). It was further alleged that in committing the crime, Jackson personally used a firearm and that a principal was armed with a rifle. At their joint trial, the trial court instructed the jury pursuant to CALJIC No. 3.01 on

3

the theory of direct aiding and abetting, as well as CALJIC No. 3.02 on the natural and probable consequences doctrine.

The jury convicted Bryant of second degree murder. The jury found Jackson guilty of first degree murder and found true the allegation that he personally used a firearm in the commission of the crime. Bryant and Jackson were sentenced to state prison for the term prescribed by law.

In his direct appeal, Bryant argued the trial court erred in admitting certain gang expert testimony, evidence of gang membership and activities, and evidence that he refused to participate in a lineup. We affirmed the judgment.

## C. Procedural History Relating to Bryant's Section 1170.95 Petition

On January 2, 2019, Bryant filed a petition for resentencing under section 1170.95. He alleged that he was convicted of second degree murder under a natural and probable consequences theory. The People filed an opposition supported by our opinion on direct appeal, the People's brief from the direct appeal, and the trial court's jury instructions. Counsel for Bryant submitted a reply brief.

The resentencing court held a prima facie review hearing on February 10, 2020. The court acknowledged that Bryant was prosecuted under both a direct aiding and abetting theory and a natural and probable consequences theory. Based on the appellate opinion, Bryant was not the actual killer, and he was not armed. The court determined that in providing the instruction for direct aiding and abetting, the trial court must have found there was sufficient evidence to support that theory. Thus, based on the facts stated in the appellate opinion as well as the jury instructions, the resentencing court concluded, "the

4

record show[s] . . . beyond a reasonable doubt, that [Bryant] could have, in fact, been convicted of second degree murder, even with the changes of . . . sections[ ] 188 and 189, made effective on January 1, 2019. Thereby, the petition is denied."

Bryant timely appealed the order.

## DISCUSSION

### A. Legal Framework

Prior to the enactment of Senate Bill No. 1437, a defendant who aided and abetted a crime that resulted in a victim's death could be convicted under the natural and probable consequences theory even if the defendant did not act with malice. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) "The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime. . . ." [Citation.]' [Citation.] The doctrine ' "imposes vicarious liability for any offense committed by the direct perpetrator that is a natural and probable consequence of the target offense. . . ." [Citation.]' [Citation.]" (*People v. Duke* (2020) 55 Cal.App.5th 113, 120, review granted Jan. 13, 2021, S265309.)

The Legislature enacted Senate Bill No. 1437 "after determining that there was further 'need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839.) Senate Bill No. 1437 changed the law on murder and added section 1170.95, which allows defendants convicted of murder based on the natural and probable consequences doctrine

5

to petition for resentencing.[2]  Senate Bill No. 1437 did not alter the viability of a murder conviction based on direct aiding and abetting liability.  "One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 596.)

Section 1170.95 sets forth a multistep decision-making process.  If the petitioner makes a prima facie showing that he or she is eligible for and entitled to relief under the statute, then the trial court "shall issue an order to show cause." (§ 1170.95, subds. (b) & (c); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165.)  " 'A prima facie showing is one that is sufficient to support the position of the party in question.' [Citation.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598.)

We recently explained the requirements for a petitioner to establish a prima facie case for resentencing under section 1170.95. (*People v. Nguyen, supra*, 53 Cal.App.5th 1154.)  "Under section 1170.95, subdivision (a), 'A person convicted of . . . murder under a natural and probable consequences theory may file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of first degree or second degree murder

---

[2] Section 1170.95 also applies to felony murder.  That doctrine is not at issue in this case.

following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' "  (*Id.* at p. 1164.)

At these initial stages, "the 'trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing.  Just as in habeas corpus, if the record "contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner."  [Citation.]  However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . .'  [Citation.]"  (*People v. Nguyen, supra,* 53 Cal.App.5th at pp. 1165-1166.)  A petitioner fails to establish a prima facie showing if the petition is untrue as a matter of law.  (*Ibid.*)

We reached the same conclusion in *People v. Swanson* (2020) 57 Cal.App.5th 604, 612, review granted February 17, 2021, S266262, stating that the "contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief."  (See also *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["absent a record of conviction that conclusively establishes that the

7

petitioner engaged in the requisite acts and had the requisite intent," the petitioner has established a prima facie case]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [reversing the trial court's order finding no prima facie case because the trial court engaged in factfinding that was not supported as a matter of law by the record of conviction]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 116, review granted Feb. 10, 2021, S265692 ["The trial court should not accept the petitioner's assertions as true and issue an order to show cause if substantial evidence in the record supports a murder conviction under current law"].)

We previously explained, and it is undisputed that, if the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause. (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 596.) Thereafter, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . ." (§ 1170.95, subd. (d)(3).) "The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*)

## B. Bryant Established a Prima Facie Case for Resentencing of His Murder Conviction

Bryant argues, and the Attorney General agrees, that the trial court erred in denying Bryant's petition for resentencing without issuing an order to show cause and holding a hearing with respect to the murder conviction. We agree with the parties.

In his section 1170.95 petition, Bryant alleged that he was convicted of second degree murder under a natural and probable consequences theory. The jury instructions support this possibility, and the resentencing court acknowledged Bryant could have been convicted pursuant to that theory. Nothing in

the record before the resentencing court permitted it to conclusively determine that the jury did not base its verdict on a legally invalid theory of natural and probable consequences. Because the record of conviction does not refute as a matter of law Bryant's statement that he was convicted based on the natural and probable consequences doctrine, the trial court erred in summarily denying his petition. (*People v. Offley*, *supra*, 48 Cal.App.5th at p. 599 [because "we cannot rule out the possibility that the jury relied on the natural and probable consequences doctrine," the petitioner was not " 'ineligible for relief as a matter of law' "]; accord, *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 815; cf. *People v. Swanson*, *supra*, 57 Cal.App.5th at p. 612, review granted ["The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief"].)

Accordingly, the matter must be remanded for an order to show cause pursuant to section 1170.95, subdivision (c), and a hearing pursuant to section 1170.95, subdivision (d), during which the parties may "rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) We express no opinion on Bryant's ultimate entitlement to relief following a hearing.

9

## DISPOSITION

The order denying Bryant's petition for resentencing under section 1170.95 is reversed and the matter is remanded to the superior court. On remand, the superior court shall issue an order to show cause and conduct a hearing in accordance with section 1170.95, subdivisions (c) and (d).

NOT TO BE PUBLISHED

FEDERMAN, J.*

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.